IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| ANTHONY EDWIN HURLEY, | * | |
| Plaintiff | * | |
| | * | Civ. No. MJM-23-2494 |
| v. | * | |
| ALBERTO MEDINA LOPEZ, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

Plaintiff Anthony Hurley ("Plaintiff") brings this action against defendant Alberto Lopez ("Defendant"), alleging violations of 26 U.S.C. § 7434. Compl. (ECF No. 1) at 6. Plaintiff's claims arise out of filings Defendant made with the Internal Revenue Service ("IRS"), which allegedly include fraudulent information pertaining to Plaintiff's earnings. *Id.* Both parties are acting pro se.

This matter is before the Court on Defendant's Motion for Summary Judgment (ECF No. 8), Plaintiff's Motion for Summary Judgment (ECF No. 6), Plaintiff's Motion for Leave to File an Amended Complaint (ECF No. 14), and Defendant's "Motion Asking Urgent Consolidated Summary Judgment" (ECF No. 15). The motions are ripe for disposition. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons set forth below, the Court shall deny each party's motion for summary judgment and grant Plaintiff's motion to amend.

## I.   BACKGROUND

Plaintiff alleges Defendant filed tax forms that contained fraudulent information for the years 2011 through 2016, 2020, and 2021, which included "earnings purported to be made by the

1

Plaintiff . . . ." Compl. at 6. According to Plaintiff, "Defendant's egregious filings [have] led to an [erroneous] levy against the Plaintiff from the IRS in the amount of $35,678,208.00 for the year of 2016 and additional [levies] to follow for the year[s] 2020 and 2021." *Id.* The IRS allegedly seeks $250 million and $4.5 billion from Plaintiff for 2020, and another $4.5 billion for 2021. *Id.* Recognizing that his earlier claims may be time barred by the statute of limitations, Plaintiff only seeks damages relating to the 2020 and 2021 "levies." *Id.* Plaintiff also seeks $3.5 million in punitive damages, as well as a "Cease and Desist Order to stop Defendant's fraudulent filings of information returns." *Id.* at 7.

Plaintiff filed his Complaint on September 13, 2023. On October 29, Defendant filed an "Answer to the Complaint and Petition for Dismissal."[1] ECF No. 5. On December 11, 2023, Plaintiff filed a Motion for Summary Judgment, alleging that Defendant's Answer "provided no evidence to support the purported earnings made by the Plaintiff . . . ." ECF No. 6 ¶ 1.

On January 4, 2024, pursuant to Federal Rules of Civil Procedure 12 and 56, Defendant filed an "Opposition to Plaintiff's Motion for Summary Judgment [and] Motion for Summary Judgment with Prejudice and $100 Billion in Tort, Punitive and Compensatory Damages." ECF No. 8. In his motions (together, "Defendant's Motions"), Defendant argues, *inter alia*, that Plaintiff is not "entitled to any relief as a matter of law under 26 U.S.C. 7434." ECF No. 8 at 1, 6.

On April 23, 2024, Plaintiff filed a Motion for Leave to File an Amended Complaint. ECF No. 14. This motion seeks to add Plaintiff's spouse as a plaintiff to the case. *Id.* Purportedly in response to Plaintiff's Motion for Leave to File an Amended Complaint, Defendant filed a "Motion Asking Urgent Consolidated Summary Judgment." ECF No. 15. The filing ultimately requests that

---

[1] The Court does not construe Defendant's "Answer to the Complaint and Petition for Dismissal" as a motion to dismiss under Rule 12(b) of the Federal Rules of Civil Procedure. This filing generally asserts Defendant's defenses to the claims asserted in Plaintiff's Complaint. *See* ECF No. 5. None of the grounds for dismissal listed in Rule 12(b) are raised in the "Petition for Dismissal."

the Court deny all of Plaintiff's pending motions, grant Defendant's pending motions, and "clos[e] and dismiss[] this frivolous case with prejudice . . . ." *Id.* at 6.

## II.   DISCUSSION

### A.  Standard of Review

A court may grant a party's summary judgment motion under Rule 56 if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Cybernet, LLC v. David*, 954 F.3d 162, 168 (4th Cir. 2020). A fact is "material" if it "might affect the outcome of the suit under the governing law[,]" and a genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986) (emphasis removed); *see also Raynor v. Pugh*, 817 F.3d 123, 130 (4th Cir. 2016). A party can establish the absence or presence of a genuinely disputed fact through "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). The court must view all the facts, including reasonable inferences to be drawn from them, in the light most favorable to the nonmovant, *Matsushita Elec. Indus.*, 475 U.S. at 587, but the court is not permitted to weigh the evidence, make credibility determinations, or decide the truth of disputed facts. *Anderson*, 477 U.S. at 249.

"The party moving for summary judgment bears the initial burden of demonstrating the absence of a genuine dispute of material fact." *Med. Mut. Ins. Co. of N. Carolina v. Gnik*, 93 F.4th 192, 200 (4th Cir. 2024) (citing *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514,

522 (4th Cir. 2003)). The burden then shifts to the non-movant to "set forth specific facts showing that there is a genuine issue for trial." *Bouchat*, 346 F.3d at 522 (quoting Fed. R. Civ. P. 56(e)).

When both parties file motions for summary judgment, "the role of the court is to 'rule on each party's motion on an individual and separate basis, determining, in each case, whether a judgment may be entered in accordance with the Rule 56 standard." *Bryant v. Better Bus. Bureau of Greater Md., Inc.*, 923 F. Supp. 720, 729 (D. Md. 1996) (quoting *Towne Mgmt. Corp. v. Hartford Acc. And Indem. Co.*, 627 F. Supp. 170, 172 (D. Md. 1985)). "Cross-motions for summary judgment do not automatically empower the court to dispense with the determination of whether questions of material fact exist." *Id.* (quoting *Lac Courte Oreilles Band of Lake Superior Chippewa Indians v. Voight*, 700 F.2d 341, 349 (7th Cir.), *cert. denied*, 464 U.S. 805 (1983)). "Rather, the court must evaluate each party's motion on its own merits, taking care in each instance to draw all reasonable inferences against the party whose motion is under consideration." *Id.* (quoting *Mingus Constructors, Inc. v. United States*, 812 F.2d 1387, 1391 (Fed. Cir. 1987)).

Finally, filings by pro se litigants are held "to less stringent standards than formal pleadings drafted by lawyers." *Folkes v. Nelsen*, 34 F.4th 258, 272 (4th Cir. 2022) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Accordingly, the Court must construe pro se pleadings liberally. *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020), *cert. denied*, 141 S. Ct. 1376 (2021); *see also* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). The Court will not "attempt to discern the unexpressed intent of the plaintiff," but will "determine the actual meaning of the words used in the complaint." *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013) (internal quotations and citation omitted).

**B. Analysis**

Plaintiff's Complaint states that Defendant filed "egregious" and fraudulent IRS 1099 forms for tax years 2011 through 2016, 2020, and 2021, in violation of 26 U.S.C. § 7434. Compl. at 6. It further describes damages Plaintiff sustained because of the allegedly fraudulent filings, including IRS "levies" against him. *Id.* Plaintiff presents as exhibits IRS Forms 1099-MISC that Defendant issued to him for tax years 2020 and 2021, which report payments to Plaintiff in amounts of $250,000,000 for 2020 and $4,500,000,000 for 2021.[2] ECF No. 6-1. As relevant here, 26 U.S.C. § 7434 reads:

> If any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return.

26 U.S.C. § 7434(a) (emphasis omitted). To prevail on a claim under 26 U.S.C. § 7434, a plaintiff must show "that (1) the defendant filed an information return on his or her behalf, (2) the return was false as to the amount paid, and (3) the defendant acted knowingly or recklessly." *Doherty v. Turner Broad. Sys., Inc.*, 72 F.4th 324, 329 (D.C. Cir. 2023). The Complaint in this case adequately states a claim for relief under § 7434, alleging that Defendant filed information returns that were false as to amounts paid to Plaintiff. Compl. at 5–7.[3] If Defendant is liable, Plaintiff may recover

---

[2] According to the IRS, Forms 1099 are information returns, the type of form contemplated in 26 U.S.C. § 7434. IRS, *Information return reporting*, https://www.irs.gov/businesses/small-businesses-self-employed/information-return-reporting (last visited Aug. 29, 2024). Generally, "Any person engaged in a trade or business, including a corporation, partnership, individual, estate and trust, who makes reportable transactions during the calendar year, must file information returns to report those transactions to the IRS and furnish a copy of the information returns to recipients." *Id.*

[3] Insofar as Defendant's "Petition for Dismissal" is intended to serve as a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure or motion for judgment on the pleadings under Rule 12(c), that petition lacks merit and is denied. As explained in footnote 1 *supra*, however, the Court does not construe Defendant's pleading to assert that Plaintiff has failed to state a claim for relief.

statutory damages of $5,000 or the sum of actual damages and litigation costs and fees, whichever is greater. 26 U.S.C. § 7434(b).

Plaintiff seeks entry of summary judgment in his favor, arguing that Defendant admitted to filing the returns and provided no support his claim that the returns were proper. ECF No. 6. Plaintiff attaches as exhibits to his motion IRS Forms 1099-MISC for tax years 2020 and 2021 that reflect income in very high amounts: $250,000,000 for 2020 and $4,500,000,000 for 2021. ECF No. 6-1. Plaintiff contends that the amounts reflected in these forms are false but offers no evidence to establish the lack of a genuine dispute as to that material fact.

Defendant also seeks summary judgment on Plaintiff's claim, arguing he is not liable for fraudulent tax filings. ECF No. 8. Specifically, Defendant concedes that he filed a Form 1099-MISC with respect to Plaintiff's earnings in certain years, including 2020 and 2021, but denies that those filings were egregious, erroneous, or fraudulent. ECF No. 5 at 2. Defendant argues that Plaintiff's claim must fail because Plaintiff fails to adduce any evidence that the Form 1099-MISCs Defendant filed were fraudulent. ECF No. 8 at 6. However, as noted *supra*, the income figures reflected in the 1099 forms attached to Plaintiff's summary judgment motion are extremely high. Defendant fails to offer competent *and authenticated* evidence to establish that the amounts reflected in the forms are correct and that he is not responsible for filing any false tax forms.[4]

---

[4] In response to Defendant's Motion, Plaintiff presents records related to certain tax liens against Plaintiff by the State of Maryland. ECF Nos. 11-1 through 11-5. The records, however, ultimately show that the liens were withdrawn. ECF Nos. 11-3 & 11-4. Plaintiff does not include any evidence or other documentation regarding liens associated with the tax years for which he seeks recovery. Notably, the Complaint seeks damages exclusively for the allegedly fraudulent 1099 forms filed for tax years 2020 and 2021. Compl. at 6. As Plaintiff appears to recognize, these may be the only two years for which Plaintiff could plausibly recover under the statute of limitations for 26 U.S.C. § 7434 violations. *See* 26 U.S.C. § 7434(c) ("Notwithstanding any other provision of law, an action to enforce the liability created under this section . . . may be brought only within the later of (1) 6 years after the date of the filing of the fraudulent

After reviewing each motion separately, the Court finds that neither motion establishes the moving party's entitlement to judgment as a matter of law. The primary disputes are whether the Form 1099 information returns for tax years 2020 and 2021 were false as to the amounts paid and, if so, whether Defendant filed them willfully, knowingly, or recklessly. *Doherty*, 72 F.4th at 329. The evidentiary record, as it currently stands reflects genuine disputes as to each of these factual questions. *See Gnik*, 93 F.4th at 200. Additionally, both parties present information in support of their respective positions that do not take the form of competent and authenticated evidence. Each party has submitted unsworn and speculative statements of fact in their briefs that are unsupported by sworn affidavits or declarations based on personal knowledge. While unsupported speculation is insufficient to establish the existence of a genuinely disputed material fact, it is also insufficient to establish the absence of a genuinely disputed material fact. Thus, each party's summary judgment motion shall be denied.

The Court shall grant Plaintiff's Motion for Leave to File an Amended Complaint. Under Fed. R. Civ. P. 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Accordingly, the U.S. Court of Appeals for the Fourth Circuit has endorsed a liberal approach to granting motions to amend, interpreting Rule 15(a) "to provide that leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (internal citations omitted). Insofar as Defendant opposes Plaintiff's motion to amend, he has failed to establish that he would be unduly prejudiced

---

information return, or (2) 1 year after the date such fraudulent information return would have been discovered by exercise of reasonable care.").

by the amendment or that the amendment is futile or made in bad faith. Therefore, Plaintiff's motion to amend shall be granted.

The Court notes, however, that Plaintiff's motion to amend does not include the proposed amended pleading, as required by Local Rule 103.6.a. Plaintiff will be given time to file his amended pleading.

**III.   CONCLUSION**

For the foregoing reasons, Defendant's "Petition for Dismissal" (ECF No. 5) shall be DENIED; Plaintiff's Motion for Summary Judgment (ECF No. 6) shall be DENIED; Defendant's Motions for Summary Judgment (ECF Nos. 8 & 15) shall be DENIED; and Plaintiff's Motion for Leave to File an Amended Complaint (ECF No. 14) shall be GRANTED.

A separate Order shall issue.

September 16, 2024                                    /S/
                                            Matthew J. Maddox
                                            United States District Judge