IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **ANTHONY EDWIN HURLEY,** *et al.*, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | Civ. No. MJM-23-2494 |
| v. | * | |
| | * | |
| **ALBERTO MEDINA LOPEZ,** | * | |
| | * | |
| Defendants. | * | |

* * * * * * * * * *

**MEMORANDUM ORDER**

Anthony and Mary Hurley ("Plaintiffs") initiated this lawsuit on September 13, 2023, alleging that Alberto Medina Lopez ("Defendant") violated 26 U.S.C. § 7434(a). *See* ECF No. 1. To prevail under § 7434(a), a plaintiff must show "that (1) the defendant filed an information return on his or her behalf, (2) the return was false as to the amount paid, and (3) the defendant acted knowingly or recklessly." *Doherty v. Turner Broad. Sys., Inc.*, 72 F.4th 324, 329 (D.C. Cir. 2023). On September 29, 2025, the Court granted Plaintiffs partial summary judgment because there was no dispute of material fact that (1) Defendant filed information returns on Plaintiffs' behalf, and (2) the returns were false because Defendant never made payments to Plaintiffs. *See* ECF No. 29 at 6–7. The Court then scheduled a trial to regarding the third element—whether Defendant acted knowingly or recklessly.

Pending now is Defendant's "Motion Asking for Trial Scheduling Elimination, Correction of Errors on ECF 29, and Case Dismissal," which was filed on October 29, 2025. ECF No. 31. Plaintiffs filed a response in opposition on November 10, ECF No. 34, and Defendant filed a reply on November 19. ECF No. 35. The Court construes Defendant's motion as a motion for

1

reconsideration under either Rule 60(b) or Rule 59(e) of the Federal Rules of Civil Procedure. No hearing is necessary to resolve the motion. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons explained below, Defendant's motion is denied.

Rule 60(b) provides for relief from a final judgment, order, or proceeding for specific reasons, including:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "To prevail, a party must demonstrate (1) timeliness, (2) a meritorious defense, (3) a lack of unfair prejudice to the opposing party, and (4) exceptional circumstances." *Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC*, 859 F.3d 295, 299 (4th Cir. 2017). Once this threshold is met, the party "then must satisfy one of the six specific sections of Rule 60(b)." *Id.*

Rule 59(e) allows a party to file a motion to alter or amend a judgment within 28 days of its entry.[1] Fed. R. Civ. P. 59(e). A district court may grant a Rule 59(e) motion "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not

---

[1] Defendant filed his present motion on October 29, 2025, which was 29 days after the Court issued it partial summary judgment order on September 30. Even so, the Court exercises its discretion to consider Defendant's motion under both standards applicable to motions for reconsideration.

2

available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). Rule 59(e) motions are "an extraordinary remedy which should be used sparingly." *Id.* (citation omitted). Such motions "may not be used . . . to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Id.*

Defendant's requests for reconsideration fails to satisfy the standard of either Rule 60(b) or Rule 59(e). Defendant's primary argument is that the Court erred in concluding that only "regular business cash-type transactions payments" must be reported on IRS Form 1099, asserting instead that Form 1099 requires reporting of "NON CASH TYPE tort, punitive, and compensatory damages," as Defendant claims he correctly did. *See* ECF No. 31-1 at 11. Defendant is mistaken both as to the Court's prior ruling and Form 1099 instructions.

The Court did not hold that damages are not reportable income. It explained that IRS Form 1099 is an information return used to report "qualifying payments"—and Defendant does not claim that he *paid* Plaintiffs damages or any other reportable income to Plaintiffs. *See* ECF No. 29 at 7 ("[Defendant] concedes that he did not make any payment at all. Necessarily, then, Defendant's returns indicating that he paid Mr. Hurley $250,000,000 in 2020 and $4,500,000,000 in 2021 were 'false as to the amount paid.'"). Defendant's reliance on the Form 1099 instructions for Box 3, which lists "damages" as a type of reportable income, is misplaced. Damages must be reported if a payor actually paid them as damages (i.e., to satisfy a judicial or arbitral award of damages, or to satisfy payment terms of a settlement agreement)—not merely because an aggrieved person believes he is owed a damages payment. Defendant's filings make clear he falls into the latter category, asserting that the hundreds of millions of dollars he reported reflect "illegal retention,

3

accumulation and appreciation," and that "Defendant's annual losses were the Plaintiffs annual taxable income. ECF No. 31-1 at 12, 15.

A Treasury Regulation is illustrative:

> Example 1. Attorney P represents client Q in a breach of contract action for lost profits against defendant R. R settles the case for $100,000 damages and $40,000 for attorney fees. Under applicable law, the full $140,000 is includible in Q's gross taxable income. R issues a check payable to P and Q in the amount of $140,000. R is required to make an information return reporting a payment to Q in the amount of $140,000.

26 C.F.R. § 1.6041-1. In the above example, R became liable for $140,000 and, upon issuing the check, was required to make an information return reporting the payment. Put differently, damages need to be reported by the payor when paid, not simply when alleged by a claimant. Defendant here does not dispute that he made no payments to Plaintiffs. Instead, his theory appears to be that he was required to report as Plaintiffs' income the damages he believes he is owed from them. Defendant's theory is wrong.

As another court in this circuit explained after a lengthy review of the text and legislative history of 26 U.S.C. § 7434(a), "Congress's goal in enacting § 7434 was to give redress to taxpayers aggrieved by the filing of information returns that fraudulently misrepresent *the amount paid* to the taxpayer." *Liverett v. Torres Advanced Enterprise Solutions, LLC*, 192 F. Supp. 3d 648, 655 (E.D. Va. 2016) (emphasis added). This statement reinforces that the aims of § 7434 and the purpose of Form 1099s concern the accurate reporting of payments actually made—not unilateral assertions of unproven claims for damages.

Defendant has not presented any newly discovered and previously unavailable evidence, any clear legal error, or intervening change in controlling law. *See* Fed. R. Civ. P. 59(e); Fed. R. Civ. P. 60(b)(2). While it is clear that Defendant disagrees with the legal analysis set forth in the

Court's Memorandum explaining its Order, *see* ECF No. 29, "mere disagreement" with the Court's analysis does not suffice to identify a clear error of law. *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993).

For the foregoing reasons, it is by the United States District Court for the District of Maryland, hereby ORDERED that Defendant's Motion for Reconsideration (ECF No. 31) is DENIED.

<table>
<tr><td>12/12/25</td><td>/s/</td></tr>
<tr><td>Date</td><td>Matthew J. Maddox<br>United States District Judge</td></tr>
</table>